# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class COREY L. HOUSTON**
**United States Army, Appellant**

ARMY 20120991

United States Army Intelligence Center of Excellence and Fort Huachuca
Timothy P. Hayes, Jr., Military Judge
Timothy J. Cody, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA (on brief).

10 December 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of failure to obey a lawful general regulation, three specifications of false official statement, one specification of indecent act, and one specification of adultery in violation of Articles 92, 107, 120, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 920 and 934 (2006 & Supp. IV) [hereinafter UCMJ]. Contrary to pleas, the military judge found appellant guilty of another specification of violating a lawful general order, in

violation of Article 92, UCMJ.[1]  The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for eight months.[2]

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises two assignments of error, neither of which merit relief.  Appellant personally raises four additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

## BACKGROUND

At the time of his offenses, appellant was an acting First Sergeant in an Advanced Individual Training (AIT) unit, A Company, at Fort Huachuca.  While serving in this capacity, appellant was engaged in prohibited relationships with several female trainees.  An AIT platoon sergeant in appellant's unit, SFC RL, was also involved in an inappropriate relationship with a trainee, Private First Class (PFC) ST.

Appellant and SFC RL planned an illicit outing to Phoenix, Arizona in order to attend a concert with two trainees, PFC ST and PFC CC.  To facilitate their trip, appellant needed to get PFC ST out of Friday unit training that PFC ST was conducting with B Company.[3]  To that end, appellant sent a "blanket e-mail" to his company commander, Captain (CPT) PS, and B Company's first sergeant, 1SG TC, falsely stating that PFC ST needed a weekend pass so that she could meet with her mother to do legal and financial paperwork—indicating that it was business that could only be accomplished during a weekday.  Private First Class ST's chain of command believed the pretense, and she was granted the weekend pass.

Appellant was charged, inter alia, with three specifications of false official statement, in violation of Article 107, UCMJ.  At trial, appellant entered pleas of guilty to all three specifications.  The military judge then proceeded to question appellant on his pleas.

According to appellant, one false official statement (Specification 2) encompassed a lie made verbally to SFC SV, an A Company AIT training non-commissioned officer, after SFC SV approached appellant to ask about the email she had seen stating PFC ST needed a weekend pass.  Sergeant First Class SV was not an

---

[1] Appellant was acquitted of one specification of obstruction of justice and one specification of adultery.

[2] The convening authority deferred automatic forfeitures until action, and at action, waived automatic forfeitures for six additional months for the benefit of appellant's spouse.

[3] At the time of this misconduct by appellant, PFC ST was assigned to A Company for administrative purposes, but was completing certain portions of her training with B Company.

addressee on the e-mail sent by appellant, but had evidently "got[ten] wind" of it from someone in B Company.

Two other specifications (1 and 3) of the false official statement charge arose out of the same "blanket e-mail" sent to both CPT PS and 1SG TC. During the providence inquiry, the military judge engaged in the following colloquy with appellant:

>MJ:  [T]ell me . . . why you're guilty of the offense listed in Specification 1 of Charge II . . . .
>
>ACC:  On 1 July, sir, not on 20 July--only on 1 July, I sent out a blanket e-mail requesting that [PFC ST] be released from training to attend a meeting with her mother, which I knew to be false.
>
>MJ:  So this e-mail that you sent on 1 July, was one of the recipients [CPT PS]?
>
>ACC:  Yes, sir.
>
>. . . .
>
>MJ:  [P]lease look at Specification 3 of Charge II. . . . The elements of that offense, false official statement, are the same as the previous two specifications. . . .  [T]he only differences are the date alleged, the person alleged that you made the statement to, and the substance of the statement.
>
>. . . .
>
>MJ: [D]o you have any questions about the elements or the definitions?
>
>ACC: Just the date, sir.  It would have been the same date; the 1 July because it was one blanket e-mail.[4]
>
>. . . .
>
>MJ: So you believe that this false official statement was the same e-mail sent to [CPT PS]; it was just also sent to [1SG TC]?
>
>ACC: Yes, I do, sir.

---

[4] Specification 3 of Charge II listed the date of the offense as "on or about 11 July 2011."

> MJ:  Okay.  And do you recall putting both of them on the
> "to list" for your message?
>
> ACC:  Yes, sir.

Based on the appellant's responses, the military judge accepted appellant's plea as provident for all three specifications of false official statements.

## DISCUSSION

*Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts–Martial 307(c)(4).  The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)).  In *Quiroz*, our superior court listed five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an
> unreasonable multiplication of charges and/or
> specifications?;
>
> (2) Is each charge and specification aimed at distinctly
> separate criminal acts?;
>
> (3) Does the number of charges and specifications
> misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications
> [unreasonably] increase the appellant's punitive
> exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or
> abuse in the drafting of the charges?

55 M.J. at 338–39 (internal quotation marks omitted).

In this case, the record reflects that two of appellant's convictions for making false official statements arose from the same criminal act—one "blanket email" sent to two recipients.  Under the facts of this case, we find the unit of prosecution is the number of false official statements made, not the number of recipients.  Application of the *Quiroz* factors to the evidence elicited during the colloquy requires the consolidation of the particulars in Specifications 1 and 3 of Charge II.  We will,

therefore, merge the two specifications to comport with the evidence elicited during the providence inquiry.

**CONCLUSION**

Specifications 1 and 3 of Charge II are consolidated into a single amended Specification, to read as follows:

> In that Sergeant First Class Corey L. Houston, U.S. Army, at or near Fort Huachuca, Arizona, between on or about 1 July 2011 and on or about 20 July 2011, with intent to deceive, make to Captain P.S. and First Sergeant T.C., an official statement, to wit: "Private First Class S.T. had a family emergency and had to meet her mother in Tucson the weekend of 15 July 2011 to deal with legal and financial transactions and therefore needed a weekend pass" or words to that effect, which statement was totally false, and then known by said Sergeant First Class Corey L. Houston to be so false.

The finding of guilty to Specification 3 of Charge II is set aside and that specification is DISMISSED. The finding of guilty to Specification 1 of Charge II, as so amended, is AFFIRMED.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Appellant was tried and sentenced at a special court-martial by a military judge. The nature of the remaining offenses, as modified, still captures the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the military judge sitting alone as a special court-martial, would have imposed a sentence of at least eight months confinement and a bad-conduct discharge.

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence as adjudged. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

5

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court